# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBRA TRAWICK, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | 1:20-cv-00821-AT-CCB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SUNRISE SENIOR LIVING, ) | |
| MANAGEMENT, INC. D/B/A ) | |
| SUNRISE OF EAST COBB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to LR 26.1, N.D.Ga., Sunrise Senior Living, Management, Inc. ("Sunrise" or "Defendant") provides the following Initial Disclosures:

**DISCLOSURE NO. 1:** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**ANSWER**:

Defendant has been properly identified.

**DISCLOSURE NO. 2:** Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by

plaintiff. If defendant contends that this is a question of misjoinder of parties, provide the reasons for defendant's contention.

**ANSWER**:

Defendant is not presently aware of any necessary parties who have not been named.

**DISCLOSURE NO. 3:** Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**ANSWER**:

Sunrise hired Plaintiff Debra Trawick ("Plaintiff" or "Trawick") as the Executive Director at Sunrise of East Cobb on October 16, 2017. Roughly six weeks after she started at Sunrise, Trawick declared that she had not received the proper training as part of her on-boarding process. Sunrise investigated and found that Trawick's claims were untrue. When Sunrise showed Trawick that her training was on schedule, Trawick could not provide any specific examples of training she believed that she had missed. Nonetheless, Sunrise offered to provide extra training upon request. Despite these efforts, it became clear to Sunrise's regional leadership team that the problem was not with the training that Trawick was being given, but with Trawick's inability to retain and implement the information provided to her.

In the meantime, Trawick's supervisors were beginning to have serious concerns about Trawick's basic leadership skills. At least two team members called Sunrise's Hotline to raise concerns about Trawick's behavior. These allegations were largely substantiated after regional leadership investigated. Accordingly, Sunrise counseled Trawick, but her poor leadership continued. Based on these challenges, among others, in late-December 2018, Sunrise decided to extend Trawick's 90-day introductory (probationary) period of employment for an additional 90 days.

On top of the above-described problems, it became clear that Trawick had drastic issues with organization, management, accepting criticism, and interacting with her subordinates. Given these problems and many other issues, Sunrise determined that Trawick was likely not going to be successful as an Executive Director at Sunrise, no matter what additional support Sunrise offered to her. In early February, Trawick's managers decided after further review that the company would move forward with separating her.

Having confessed that she knew she was likely to be terminated, Trawick sent an e-mail to Jenifer Salamino, the Senior Vice President of Operations for Sunrise's East Division complaining of age discrimination, retaliation and hostile work environment on February 18, 2018. Salamino immediately passed Trawick's message on to the human resources team and Vice President of Operations.

Accordingly, on Monday, February 19, Senior Director of Human Resources Operations Jackie Sollars-Wade and Regional Human Resources Manager Dee Benitez called Trawick to learn more about her claims.

During the conversation, Trawick went on a lengthy monologue attacking many individuals at Sunrise. Yet, when asked to specifically explain why she believed that anyone was discriminating against her because of her age, Trawick had little to offer. A second call with Trawick did not reveal any further evidence. Given the foregoing, Sunrise determined that Trawick's discrimination and harassment complaint was unsubstantiated.

After having determined that Trawick's allegations of age discrimination were without merit, Sunrise moved forward with its previously decided-upon plan to terminate Trawick's employment. Accordingly, on February 21, 2018, Benitez called Trawick to inform her of Sunrise's decision.

In further response, Sunrise incorporates its Answer, Defenses, and Affirmative Defenses as though set forth fully herein.

**DISCLOSURE NO. 4:** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**ANSWER**:

Defendant intends to rely on the text of Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA"); and the familiar body of case law interpreting the statute; case authority addressing Sunrise's defenses; the Federal Rules of Evidence; and the Federal Rules of Civil Procedure.

**DISCLOSURE NO. 5:**  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

Defendant states the following may have discoverable information relevant to the claims and defenses in this matter:

1. Plaintiff Debra Trawick
   (may be contacted through Plaintiff's counsel)

Plaintiff will have discoverable information regarding the allegations in her Complaint and the damages she seeks in this matter.

2. Tina Geimer (Regional Director of Operations)
   (may be contacted through undersigned counsel)

Ms. Geimer may have knowledge or information relevant to the job duties and responsibilities associated with the Executive Director role held by Plaintiff; Plaintiff's work performance; events leading to the termination of Plaintiff's

employment; efforts to coach, counsel, and provide guidance to Plaintiff for purposes of improving her work performance; Geimer's investigation into complaints about Plaintiff's conduct with members of the management team and Sunrise's policies.

    3.    Michelle Minor (Vice President of Operations)
           (may be contacted through undersigned counsel)

Ms. Minor may have knowledge or information relevant to the job duties and responsibilities associated with the Executive Director role held by Plaintiff; Plaintiff's work performance; events leading to the termination of Plaintiff's employment; efforts to coach, counsel, and provide guidance to Plaintiff for purposes of improving her work performance; Minor's investigation into complaints about Plaintiff's conduct with members of the management team and Sunrise's policies.

    4.    Jennifer Salamino (Senior Vice President of Operations)
           (may be contacted through undersigned counsel)

Ms. Salamino may have knowledge or information regarding Plaintiff's complaints of age discrimination and the investigation into those complaints.

    5.    Dee Benitez (Regional Human Resources Manager)
           (may be contacted through undersigned counsel)

Ms. Benitez may have knowledge regarding Plaintiff's work performance; events leading to the termination of Plaintiff's employment; efforts to coach, counsel, and provide guidance to Plaintiff for purposes of improving her work

performance; Benitez's investigation into complaints about Plaintiff's conduct with members of the management team and Sunrise's policies.

6. Jackie Sollars-Wade (Senior Director of Human Resources)
(may be contacted through undersigned counsel)

Ms. Sollars-Wade may have knowledge regarding Plaintiff's work performance; events leading to the termination of Plaintiff's employment; efforts to coach, counsel, and provide guidance to Plaintiff for purposes of improving her work performance; Sollars-Wade's investigation into complaints about Plaintiff's conduct with members of the management team and Sunrise's policies.

7. Ali Edelstein (Director of People Strategy)
(may be contacted through undersigned counsel)

Ms. Edelstein may have knowledge regarding Plaintiff's work performance, including her failure to adequately communicate with her subordinates and disorganization.

**DISCLOSURE NO. 6:** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**ANSWER**:

Defendant has not yet identified an expert. Defendants reserve the right to later identify an expert in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules.

**DISCLOSURE NO. 7:**  Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

The following documents may be used to support Defendant'' defenses in this matter:

1. Documents relating to the underlying EEOC Charge filed by Plaintiff;

2. Records relating to Plaintiff's employment;

3. Coaching and counseling communications between Plaintiff and the Company;

4. Relevant Company policies;

5. All documents identified or produced by Plaintiff or in response to Defendant's discovery requests; and

6. All other documents produced by the Parties during discovery.

Discovery in this matter may lead to additional documents responsive to this Disclosure No. 7.  Defendants reserve the right to supplement this response as needed.

**DISCLOSURE NO. 8:**  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

**ANSWER**:

Defendant has not made claims against Plaintiff for damages at this time, though Defendant will seek recovery of its costs and attorneys' fees incurred in defending this action as appropriate.

**DISCLOSURE NO. 9:**  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**ANSWER:**

Defendant maintains it is not liable to Plaintiff whatsoever in the lawsuit. Defendant likewise is not aware of any other entity who may be liable to Plaintiff.

**DISCLOSURE NO. 10:** Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**ANSWER:**

Defendant states this response will be supplemented.

This 27th day of April, 2020.

                                       **JACKSON LEWIS P.C.**

                                       /s/ *Tracie Johnson Maurer*
                                       Tracie Johnson Maurer
                                       Georgia Bar No. 395670

                                       171 17th Street, N.W.
                                       Suite 1200
                                       Atlanta, Georgia 30363
                                       Telephone: (404) 525-8200
                                       Tracie.Maurer@jacksonlewis.com
                                       Counsel for Defendant

## **CERTIFICATION**

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

*/s/ Tracie Johnson Maurer*
Tracie Johnson Maurer
Georgia Bar No. 395670

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBRA TRAWICK, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | 1:20-cv-00821-AT-CCB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SUNRISE SENIOR LIVING, ) | |
| MANAGEMENT, INC. D/B/A ) | |
| SUNRISE OF EAST COBB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I certify that on <u>April 27, 2020</u>, I served **DEFENDANT'S INITIAL DISCLOSURES** on counsel for Plaintiff via electronic mail to the following at his last known address:

> Sheri Bagheri, Esquire
> **Barrett & Farahany, LLP**
> 1100 Peachtree Street NE, Suite 500
> Atlanta, GA 30309
> sheri@justiceatwork.com
> *Plaintiff's Counsel of Record*

>> */s/ Tracie Johnson Maurer*
>> Georgia Bar No. 395670